**SO ORDERED.**

**SIGNED this 28 day of March, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

JOHN FRANCIS MUNROE, JR.,                CASE NO. 09-03656-8-JRL

    DEBTOR.                                                    Chapter 11

## ORDER

This matter came before the court on the debtor's motion to approve post-confirmation quarterly reports. A hearing was held on March 15, 2011 in Wilmington, North Carolina.

The debtor filed a voluntary chapter 11 petition on May 4, 2009. The debtor's plan of reorganization was confirmed on August 4, 2010. The debtor filed a motion to approve post-confirmation quarterly reports on January 31, 2011. The motion seeks approval for the debtor's calculation of quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6), for the third and fourth quarters of 2010. The disbursement calculation espoused by the debtor excludes the proceeds of the "short sale" of entireties properties. In the alternative, the debtor seeks to exclude from the disbursement calculation one-half of the proceeds of the sales in question, such proceeds being attributable to the non-filing spouse's interest. The Bankruptcy Administrator filed an objection to the debtor's motion on February 15, 2011. The Bankruptcy Administrator's quarterly fee

calculation included all disbursements made by or on behalf of the debtor, regardless of the source. The sales in question occurred on three separate occasions. Each transaction resulted in proceeds being distributed to satisfy the underlying debt on the property. During the hearing, debtor's counsel stipulated that the debtor was solely liable for the underlying debt on all three properties.

Section 1930(a)(6) of Title 28 requires each chapter 11 debtor to pay fees for each quarter until the case is converted or dismissed. The fee schedule is based on "disbursements," a term undefined in the statute, but given broad interpretation by the courts. The Eleventh Circuit has held "that a proper statutory interpretation of amended § 1930(a)(6) is that Congress intended to impose a tax upon all . . . disbursements . . . from whatever source, including ordinary operating expenses." Walton v. Jamko, Inc. (In re Jamko, Inc.), 240 F.3d. 1312, 1313 (11th Cir. 2001). There is no requirement that the payments prove beneficial to the debtor. In re Huff, 270 B.R. 649 (Bankr. W.D. Va. 2001). All disbursements, whether made directly or through a third party, are included in the calculation. In re Central Copters, 226 B.R. 447 (Bankr. D. Mont. 1998).

This case is no different. The distribution of the proceeds from the sale of the properties went to pay obligations that were the sole legal obligation of the debtor. The court concludes that these payments are disbursements that fall within the statute in question, and thus must be included in the computation of quarterly fees. The debtor's motion is **DENIED**.

**END OF DOCUMENT.**